IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEREMY L. HONEYCUTT,

                Plaintiff,

                                          CIVIL ACTION
     vs.                                      No. 07-3122-SAC

ROGER WERHOLTZ, et al.,

                Defendants.

## ORDER

    Plaintiff, an inmate confined in the El Dorado Correctional Facility in El. Dorado, Kansas, proceeds pro se and in forma pauperis in this action seeking relief under 42 U.S.C. § 1983.

    Plaintiff states he is a handicapped individual with no legs, and claims he was placed overnight in a non-handicap accessible segregation cell. The administrative response to plaintiff's grievance indicates that plaintiff's movement from his cell in the C1 cellhouse was due to maintenance requiring movement of all C1 inmates to another location, and that plaintiff's placement in the C2 cellhouse arose from mis-communication regarding where plaintiff was to be placed. The response further indicates, however, that the problem was remedied the next day, and with the early termination of plaintiff's disciplinary segregation and return to general population status.

    Plaintiff seeks damages for the alleged violation of his rights under the Eighth Amendment, Equal Protection Clause, and the

Americans with Disabilities Act. The defendants named in the complaint are: Roger Werholtz, the Secretary of the Kansas Department of Corrections (KDOC); KDOC Designee Elizabeth Rice; EDCF Warden Ray Roberts; EDCF Unit Team Member Walmsley; EDCF Unit Team Manager Synder; and EDCF Correctional Officers Martin and Stinnet.

Because plaintiff is a prisoner, the complaint or any claim therein is subject to being dismissed if the court finds it is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

To allege a valid claim under 42 U.S.C. § 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by federal law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970); *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir.2007). To avoid summary dismissal, the complaint must allege sufficient facts, taken as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir.2008) (*quotation and alteration omitted*).

Having reviewed plaintiff's allegations, the court finds the complaint is subject to being summarily dismissed as stating no claim upon which relief can be granted.

*Eighth Amendment*

The Eighth Amendment, applicable to the states through the

Fourteenth Amendment, prohibits the infliction of cruel and unusual punishment on prisoners. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). Prison conditions violate the Eighth Amendment if they cause the "unnecessary and wanton infliction of pain" grossly disproportionate to the crime underlying the inmate's incarceration or result in a deprivation of basic human needs. *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981).

In the medical context, "[a] prison official violates an inmate's clearly established Eighth Amendment rights if he acts with deliberate indifference to an inmate's serious medical needs--if he knows of and disregards an excessive risk to inmate health or safety." *Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir.2001) (quotation marks and citation omitted). Delay in addressing medical needs constitutes an Eighth Amendment violation only "where the plaintiff can show that the delay resulted in substantial harm." *Id*. at 950(quotation and citation omitted). The "accidental or inadvertent failure" to a prisoner's medical needs "do[es] not constitute a medical wrong under the Eighth Amendment." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir.1980), *cert. denied*, 450 U.S. 1041 (1981).

Although plaintiff complains of conditions that were arguably serious under the circumstances, it is clear on the face of the record that the denial of a handicapped cell was a limited and isolated incident which was corrected the next day. Thus even considering plaintiff's allegations as true and in his favor, there is no factual basis for plausibly finding any named defendant acted with deliberate indifference to plaintiff's medical needs. Nor does

plaintiff identify in his complaint the personal participation of each defendant in the alleged misconduct. See *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir 2008)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")(quotation omitted). Plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *Rizzo v. Goode*, 423 U.S. 362 (1976).

*Equal Protection*

The Equal Protection Clause provides that no state may "deny to any person within its jurisdiction the equal protection of the laws," and essentially is "a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). Showings of a discriminatory effect and a discriminatory motivating factor are required. *Marshall v. Columbia Lea Regional Hospital*, 345 F.3d 1157, 1168 (10th Cir.2003). To state an equal protection claim, plaintiff must allege that the defendants either denied him a fundamental right or provided differential treatment based on a suspect classification. *Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir.1995). A rational basis test applies if the alleged discrimination challenges government action that does not implicate a fundamental right or a protected class. *See Price-Cornelison v. Brooks*, 524 F.3d 1103, 1110 (10th Cir.2008)(government's classification of a prisoner regarding sentencing reduction was rationally related to a legitimate interest of Bureau of Prisons).

4

Plaintiff fails to make any such showing in this case.

Placement of a prisoner in segregation as a disciplinary action is generally within the discretion of prison officials, and on its own does not violate the Equal Protection Clause. *Fogle v. Pierson*, 435 F.3d 1252, 1263 (10th Cir.2006); *Templeman v. Gunter*, 16 F.3d 367 (10th Cir.1994). Moreover, plaintiff essentially claims he was *not* treated differently than other inmates, in that he was placed in a non-handicap accessible cell like other prisoners who were not disabled. His allegations thus center on defendants' alleged failure to accommodate his disability and medical needs, and state no viable equal protection claim.

*Americans with Disabilities Act (ADA)*

The ADA prohibits the exclusion of otherwise qualified participants from any program or benefits on account of their disability and applies to prisons. See 42 U.S.C. § 12132; *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206 (1998). A claim under the ADA requires a showing that: 1) the plaintiff has a disability; 2) the plaintiff is otherwise qualified for the program sought or would be qualified if the defendant made reasonable modifications to the program, and 3) the plaintiff was excluded from the program solely by reason of his or her disability. See *Wagner v. Fair Acres Geriatric Center*, 49 F.3d 1002, 1009 (3d Cir.1995).

Here, plaintiff's allegations do not begin to satisfy the elements of a viable ADA claim, as plaintiff does not allege he was excluded from any program or services on the basis of his disability, but simply claims he was temporarily and briefly denied

5

accommodation for his disability. This is insufficient to state a claim for relief under the ADA. See *Moore v. Prison Health Services, Inc.*, 24 F.Supp.2d 1164 (D.Kan. 1998), *aff'd*, 201 F.3d 448 (10th Cir.1992); *Bryant v. Madigan*, 84 F.3d 246, 248 (7th Cir.1996)(the ADA "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners ... [t]he ADA does not create a remedy for medical malpractice").

**Notice and Show Cause Order to Plaintiff**

Accordingly, for the reasons stated above, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983 or the ADA. The failure to file a timely response may result in complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed for the reasons stated by the court.

**IT IS SO ORDERED.**

DATED: This 28th day of September 2010 at Topeka, Kansas.

                                           s/ Sam A. Crow
                                           SAM A. CROW
                                           U.S. Senior District Judge